THE NORTH RIVER BANK *vs.* ROGERS and others.

Where the complainant, in a foreclosure suit, falsely alleged in his bill that *no proceedings* at law had been had for the recovery of the debt secured by the mortgage : *Held*, that a plea, in bar of the foreclosure suit, that the complainant, before the filing of his bill, recovered a judgment at law for the debt secured by the mortgage, was a valid plea ; although it contained no negative averment that an execution had not been issued on such judgment and returned unsatisfied.

If the complainant, in a foreclosure suit, omits to state in his bill whether any proceedings have been had at law for the recovery of the debt secured by the mortgage, or if he states the recovery of a judgment at law for the mortgage money, without also alleging that an execution has been issued on such judgment and returned by the sheriff unsatisfied, the defendant may demur to the bill.   And the complainant cannot, by a false averment that no judgment has been recovered for the mortgage debt, cast the burthen upon the defendant of alleging and proving that the remedy at law has not been exhausted, by the return of an execution unsatisfied ; after proving that a judgment at law had been recovered previous to the filing of the bill.

Where the allegation in a foreclosure bill, that no proceedings at law have been had for the recovery of the mortgage debt, is put in issue by the answer, if the defendant, at the hearing, proves the recovery of a judgment before the commencement of the foreclosure suit, the complainant will not be permitted to show the issuing of an execution and a return thereof by the sheriff unsatisfied.   But he must amend his bill by striking out the false allegation, and stating therein the fact of the recovery of the judgment and the issuing and return of the execution unsatisfied.

March 2.      THIS was an appeal from a decretal order of the vice chancellor of the first circuit, overruling the plea of the defendant Stevenson.   The bill was filed to foreclose two mortgages, given to the complainants by the defendants D. Rogers and wife and S. D. Rogers and wife ; and the bill contained the usual averment that no proceedings at law had been had, by the complainants, for the recovery of the money secured by the bonds and mortgages mentioned in the bill.   To this bill the defendant Stevenson, the assignee of the mortgagors, pleaded in bar the recovery of a judgment in the supreme court, by the complainants, against such mortgagors, for $200,000 of debt, and $23,97 damages and costs ; which judgment, the plea averred,

was for the same identical indebtedness which was se-
cured, or alleged to be secured, by the bonds and mort-
gages set forth in the bill.

1841.

North River
Bank
v.
Rogers.

*L. H. Sandford*, for the appellant.

*S. G. Raymond*, for the respondents.

THE CHANCELLOR. The plea in this case negatives a
material allegation in the complainants' bill, which allega-
tion is essential to the right of the complainants to pro-
ceed in this court. The revised statutes provide that up-
on filing a bill for a foreclosure of a mortgage the com-
plainant shall state therein whether any proceedings have
been had at law for the recovery of the debt secured there-
by, and whether the debt, or any part thereof, has been
collected. And if it appears that any judgment has been
recovered at law for the debt, or for any part thereof, no
proceedings shall be had in this court unless it appears
that an execution, against the property of the defendant in
such judgment, has been returned by the sheriff unsatisfied.
(2 *R. S.* 191, § 155, 156.) The complainant, therefore,
is bound to state, in his bill, whether any proceedings have
been had at law to recover the debt secured by the mort-
gage; or the defendant may demur to the bill for that
cause. And if the complainant, in making the statement
required by the statute, shows that a judgment has been
recovered at law for the debt secured by the mortgage, or
for any part thereof, his bill will still be subject to demur-
rer, unless he goes further, and shows that he has exhaust-
ed his remedy at law, upon such judgment by the return
of an execution against the property of the defendant there-
in unsatisfied.

The vice chancellor must have overlooked this last pro-
vision of the revised statutes or he could not have suppos-
ed that the defendant, in his plea, was bound to go further
than to set out the recovery of the judgment; thereby neg-
ativing the false allegation in the bill, that no proceedings

1841.

North River
Bank
v.
Rogers.

at law had been had for the recovery of the debt. The fact of the recovery of the judgment being established, the onus of stating as well as of proving that the complainant has exhausted his remedy at law is, by the statute, cast upon him. And he cannot, by a false averment that no judgment has been obtained at law, compel the defendant to show by his plea, that his adversary has not exhausted his remedy at law by execution ; in addition to the negation of this false allegation in the bill by setting out the actual recovery of a judgment at law for the mortgage money. If the statute, instead of making it the duty of the complainant to state in his bill the proceedings at law, and to show the issuing and return of an execution where a judgment had been obtained, had merely made the neglect of the complainant to exhaust his remedy a matter of defence, to be set up by the adverse party, it probably would have been necessary for the defendant to have inserted the additional averment in his plea, that no execution had been issued upon the judgment, &c. But under this statute I am satisfied it is sufficient for the defendant to show the recovery of the judgment at law. And if an execution has in fact been issued on the judgment and returned unsatisfied, the only remedy for the complainants is to amend their bill ; by striking out this false allegation and stating the proceedings at law truly, as they are required to do by the statute.

In this case the bill states the recovery of a judgment, which is probably the same that is mentioned in the defendant's plea. But it does not appear by the bill that such judgment included any part of the money secured by the mortgages. Indeed, the very contrary appears, by the subsequent averment, that no proceedings at law had been had for the recovery of any part of the mortgage money. The defendant, therefore, could not demur to the bill upon the ground that no proceedings had been had by execution upon that judgment. He was, therefore, driven to this plea, that the judgment was in fact given for the same debt which was secured by the mortgage. And if the same

matters had been stated in his answer the result would have been the same to the complainants, unless they amended their bill. For under their averment that no proceedings at law had been had, they would not have been allowed to give in evidence the return of an execution unsatisfied ; after the defendant had falsified such averment, by showing that there had been a judgment recovered at law for the mortgage debt.

The decree appealed from must therefore be reversed with costs ; without prejudice to the complainants' right to file a new bill after they shall have exhausted their remedy at law upon the judgment against the mortgagors. The complainants, however, are to be at liberty to take issue upon the plea, upon payment of the costs, if they think proper to do so within thirty days. Or if an execution upon the judgment had in fact been returned unsatisfied before the filing of this bill, they may within the same time apply to amend, by striking out the false allegation, and stating the recovery of the judgment for the mortgage money, and the issuing and return of the execution thereon. But as this is a sworn bill, an amendment of this kind cannot be allowed except upon affidavits explaining how the mistake occurred.

The proceedings are remitted to the vice chancellor.